IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:15-CV-68-BO

| | |
|---|---|
| NATIONAL RAILROAD PASSENGER CORP. and CSX TRANSPORTATION, INC., <br><br> Plaintiffs, <br><br> v. <br><br> GUY M. TURNER, INCORPORATED, a/k/a TURNER TRANSFER, <br><br> Defendant/Third-Party plaintiff, <br><br> v. <br><br> NORTH CAROLINA DEPARTMENT OF TRANSPORTATION AND NORTH CAROLINA DEPARTMENT OF PUBLIC SAFETY, DIVISION OF STATE HIGHWAY PATROL, <br><br> Third-Party Defendants. | ORDER |

This cause comes before the Court on motions to dismiss filed by the third-party defendants. Also pending are several discovery motions filed by plaintiffs and defendant. A hearing was held on the matters before the undersigned on May 11, 2016, at Raleigh, North Carolina. For the reasons discussed below, the motions to dismiss are granted and discovery in this matter is closed.

## BACKGROUND

Plaintiffs filed this negligence action arising out of the collision of an Amtrak passenger train running on CSX tracks and a superload tractor-trailer owned and operated by defendant on March 9, 2015, in Halifax County, North Carolina. The route taken by the tractor-trailer had

been mandated by the North Carolina Department of Transportation (NCDOT) and the tractor-trailer was escorted on this route by one member of the North Carolina State Highway Patrol. By order entered December 28, 2015, the Court allowed defendant to file a third party complaint against the NCDOT and the Department of Public Safety for contribution.

DISCUSSION

I. MOTIONS TO DISMISS

The NCDOT and Department of Public Safety (collectively the State defendants) have moved to dismiss the third party complaint against them, raising Eleventh Amendment immunity. "The Eleventh Amendment bars suit against non-consenting states by private individuals in federal court." *Bd. of Tr. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). This guarantee applies not only to suits against the State itself but also to suits where "one of [the State's] agencies or departments is named as the defendant." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

Eleventh Amendment immunity may be waived expressly, *Edelman v. Jordan*, 415 U.S. 651, 673 (1974); if the State removes an action from a state court with jurisdiction, *Lapides v. Bd. Of Regents of Univ. Sys. of Ga.*, 535 U.S. 613 (2002); or if Congress has exercised its authority under the Fourteenth Amendment to abrogate a state's Eleventh Amendment immunity. *Seminole Tribe v. Florida*, 517 U.S. 44, 59 (1996). Waiver of sovereign immunity "will be strictly construed, in terms of its scope, in favor of the sovereign." *Sossamon v. Texas*, 563 U.S. 277, 278 (2011) (quoting *Lane v. Pena*, 518 U.S. 187, 192 (1996)).

Turner contends that here the State has waived its Eleventh Amendment immunity for contribution claims under the North Carolina Uniform Contribution Among Tort-Feasors Act, N.C. Gen. Stat. § 1B-1, and that, because the claims against the State arise out of the same

nucleus of operative facts as the claims between plaintiffs and defendant over which this Court has jurisdiction, it should exercise its supplemental jurisdiction over Turner's contribution claims against the State defendants. 28 U.S.C. § 1367.

Nothing in the State's waiver of immunity for contribution claims in state court would, however, suggest or demand that such waiver be extended to indicate the State's willingness to answer to suit in *federal* court. *See, e.g., College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 676 (1999) ("a State does not consent to suit in federal court merely by consenting to suit in the courts of its own creation"), *see also Huang v. Bd. of Governors of Univ. of N. Carolina*, 902 F.2d 1134, 1138 (4th Cir. 1990) (settled law that a state's consent to suit in its own courts is insufficient to waive Eleventh Amendment immunity).

Further, though Turner invites this Court to forge new ground and interpret 28 U.S.C. § 1367 to operate as an exercise of Congress' authority to abrogate a state's sovereign immunity, it will not do so. Such holding would not only read § 1367 supplemental jurisdiction to swallow the Eleventh Amendment and the doctrine of sovereign immunity whole, but would further be in direct conflict with Supreme Court precedent which has specifically held that, in spite of the fact that "nothing in the statute expressly excludes such claims . . . § 1367(a)'s grant of jurisdiction does not extend to claims against nonconsenting state defendants." *Raygor v. Regents of Univ. of Minn.*, 534 U.S. 533, 542 (2002). Turner's argument that *Raygor* is inapplicable to this case because it involves a third-party complaint raises a distinction without a difference.

The motions to dismiss by the State defendants are therefore granted.

II.  DISCOVERY MOTIONS

Rule 26 of the Federal Rules of Civil Procedure provides that parties "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and

3

proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). The discovery "rules are to be given a broad and liberal treatment." *Beach Mart, Inc. v. L & L Wings, Inc.*, 302 F.R.D. 396, 405 (E.D.N.C. 2014) (internal quotation and citation omitted). The Court has, however, substantial discretion to manage discovery, *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995), and it may limit discovery it determines to be unreasonably cumulative, duplicative, burdensome, or outside the permitted scope. Fed. R. Civ. P. 26(b)(2)(B).

A.   Motion for protective order [DE 49]

Plaintiffs' seek a protective order holding that CSX need not produce witnesses to address subjects 5-12 of Turner's amended 30(b)(6) deposition notice and that Amtrak need not produce witnesses to address subjects 24-26 and 30-35 of defendant's amended 30(b)(6) deposition notice. The disputed portions of the deposition notices concern other collisions of a train and tractor-trailer or oversized vehicle at a public grade crossing, steps or measures considered or researched by CSX to prevent or decrease the number of grade crossing collisions, changes in warning time or track speed at the subject crossing, as well as all drivers who operated a locomotive through the subject crossing during the five years preceding the incident and any and all data recording of the subject crossing during the six months preceding the incident. Plaintiffs correctly argue that the discovery sought by Turner is duplicative, overbroad, and not proportional to the claims in the case. The Court therefore grants the motion for protective order.[1]

---

[1] Because the Court holds that discovery is appropriately closed in this matter, although the motion for protective order concerns only certain subjects, Turner will not be permitted to conduct its depositions as to any of the subjects requested.

4

B.  Second motion to compel [DE 54]

Turner's second motion to compel is denied. Turner's motion seeks information related to much of what plaintiffs sought to be protected from providing in the motion discussed above. Specifically, Turner seeks to compel discovery regarding a synchronized version of the locomotive video, the names of all other train engineers who have operated any kind of train across the subject grade crossing, accident history and performance evaluations of the engineer who was operating the train during the instant collision, dispatcher bulletins, and documents related to the timing of sounding or blowing a train's horn.

Plaintiffs respond that much of the discovery requested in the instant motion has been provided, and that the remainder of Turner's requests are either overbroad or not proportional to the needs of the case. The Court agrees. The focus of this case is the safe navigation of the tractor-trailer across the subject railroad tracks. Much of the information that Turner now seeks is beyond the proper scope of discovery. The motion to compel is denied.

C.  Motion for protective order [DE 64] & motion for protective [DE 66]

Plaintiffs seek a protective order holding that they need not produce for Rule 30(b)(6) depositions John Hines and Nancy Miller. Both individuals have already been deposed by Turner as 30(b)(6) representatives. Although Turner characterizes the noticed depositions as continuations, the Court would note that it did not seek leave of court to conduct these second depositions. Fed. R. Civ. P. 30(a)(2)(A)(ii). Moreover, the deposition notices are unlimited, and identify topics about which the deponents previously testified. The Court finds Turner's second 30(b)(6) notices to Hines and Miller to be duplicative and unnecessary. The motions for protective order are granted.

E.  Motion for leave to file supplemental brief [DE 69]

The motion for leave to file a supplemental brief in support of Turner's motion for extension of deadlines is granted.

F.  Motion for sixty day extension of deadlines [DE 58]

The original scheduling order was entered on July 21, 2015. Currently, the scheduling order in this matter dictates that all discovery must be concluded by April 28, 2016, and potentially dispositive motions must be filed and mediation concluded by May 30, 2016. [DE 25]. A sufficient period for discovery has been provided, and in light of the Court's foregoing rulings, and an additional period for discovery is unnecessary. The Court recognizes that United States Magistrate Judge Jones in a thorough order recently granted in part a motion to compel filed by Turner. [DE 74]. However, because the Court finds that sufficient discovery has been conducted in this case, the order entered May 9, 2016, is hereby VACATED. Turner's motion for extension of the scheduling deadlines in this case is denied.

## CONCLUSION

The State defendants' motions to dismiss [DE 42 & 47] are GRANTED. Plaintiffs' motions for protective order [DE 49, 64, 66] are GRANTED. Turner's motion for leave [DE 69] is GRANTED. Turner's motion to compel [DE 54] and motion for extension of deadlines [DE 58] are DENIED. Discovery in this matter has closed and dispositive motions must be filed not later than May 30, 2016.

SO ORDERED, this ___ day of May, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE